## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

------------------------------------------------------------- :
                                      :      **CIVIL ACTION**

**Roger L. Saunders**                 :      **NO. _:_CV-___(___)**

                                        :

**vs.**                                          :

                                         :

**Clark Briner, Revere Capital, LLC (Texas),**    :
**Revere Capital, LLC (Connecticut), Revere**    :
**Investments, LLC, Revere High Yield GP, LLC**   :
**and Madison Mott, Inc.**                    :

                                         :      **MAY 14, 2013**

------------------------------------------------------------- :

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446(a), Defendants, Clark Briner, Revere Capital, LLC (Texas) and Revere Capital, LLC (Connecticut) and potential prospective Defendants, Revere Capital Management, LLC and Revere High Yield Fund, L.P. respectfully move this Court as follows:

1.      The Defendants are parties to a civil action, captioned *Roger L. Saunders v. Clark Briner, et al.*, Docket No.: UWY-CV-12-6019327-S, in the Connecticut Superior Court, Judicial District of Waterbury, Complex Litigation Docket.

2.      Each of the Defendants first received a copy of the summons and complaint in that action on or about November 16, 2012. The initial summons and complaint did not disclose a basis for removal. A copy of the initial Summons and Complaint is attached hereto as <u>Exhibit A</u>.

3.      The Plaintiff subsequently filed a Request for Leave to Amend his Complaint. The Request was first received by the Defendants and prospective Defendants on April 18, 2013.

4.      The request was deemed granted on May 3, 2013 by operation of Conn. Practice Book § 10-60(a)(3).  A copy of the Plaintiff's Request for Leave to Amend in that action (which includes the Amended Complaint) is attached hereto as Exhibit B.

5.      Plaintiff's Amended Complaint contains a claim arising under 15 U.S.C. § 1125(a), known as the Lanham Act.

6.      This claim, therefore, may be removed to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

7.      The remaining claims of Plaintiff's Amended Complaint arise from a common nucleus of operative fact and are thus so related to the Lanham Act claim that they form part of the same case or controversy.  Accordingly, these claims may also be removed to this Court pursuant to 28 U.S.C. § 1441(a) because this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8.      This Notice is timely filed pursuant to 28 U.S.C. §1446(b)(3) within thirty (30) days of Defendants' receipt of Plaintiff's Request for Leave to Amend his Complaint.

9.      Defendant, Madison Mott, Inc. first received Plaintiff's Request for Leave to Amend on April 18, 2013.  In accordance with 28 U.S.C. § 1446(b)(2)(A), Madison Mott, Inc. will separately file a consent to this Notice of Removal.  A copy of its consent to Removal is attached hereto as Exhibit C.

10.     The Plaintiff's Amended Complaint was not served on Defendants Revere Investments, LLC and Revere High Yield GP, LLC, both of which are non-appearing. Accordingly, consent to removal by these entities is not required. *See Edelman v. Page*, 535 F.

Supp. 2d 290, 293 (D. Conn. 2008 (stating exception to 28 U.S.C. § 1446(b)(2)(A), which

includes lack of "service of process at the time the removal petition is filed").

     11.    Defendants have on this date notified said Superior Court of the State of

Connecticut of the filing of this Notice of Removal.  A copy of the Defendants' Notice of Filing

of Notice of Removal filed in the Superior Court is attached hereto as <u>Exhibit D</u>.

     Wherefore, pursuant to the provisions of 28 U.S.C. §§1441 and 1446, Clark Briner,

Revere Capital, LLC (Texas), Revere Capital, LLC (Connecticut), Revere Capital Management,

LLC and Revere High Yield Fund, L.P.  request that this action be removed from the Superior

Court of the State of Connecticut, Complex Litigation Docket, Judicial District of Waterbury and

henceforth proceed in this Court.

           CLARK BRINER, REVERE CAPITAL, LLC
           (TEXAS), REVERE CAPITAL, LLC
           (CONNECTICUT), REVERE CAPITAL
           MANAGEMENT, LLC AND REVERE HIGH
           YIELD FUND, L.P.

By_____
           David S. Hoopes
           Mayo Crowe LLC
           CityPlace II
           185 Asylum Street
           Hartford, CT 06103-3426
           Fax:  (860) 275-6819
           E-mail: dhoopes@mayocrowe.com
           Federal Bar No.:  CT 06069
           Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on this 14th day of May, 2013, as follows:

Edward N. Lerner, Esq.
Lerner and Guarino, LLC
One Morningside Drive North, Building A
Westport, CT 06850

Joseph M. Pastore, III, Esq.
Stephen A. DeBernardis, Esq.
Pastore & Dailey LLC
4 High Ridge Park, 3rd Floor
Stamford, CT 06905

Attorneys for Roger L. Saunders

Stuart M. Katz, Esq.
Cohen & Wolf PC
P.O. Box 1821
Bridgeport, CT 06601
Attorneys for Madison Mott, Inc.

David S. Hoopes
Mayo Crowe LLC
Attorneys for Clark Briner, Revere Capital, LLC (Texas),
Revere Capital, LLC (Connecticut), Revere Capital
Management and Revere High Yield Fund, L.P.
185 Asylum Street
CityPlace II
Hartford, CT 06103-3426
Telephone: (860) 275-6800
Fax:  (860) 275-6819
E-mail:  dhoopes@mayocrowe.com
Federal Bar No.: CT 06069

EXHIBIT A

| **SUMMONS - CIVIL**<br>JD-CV-1   Rev. 9-12<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1 | **STATE OF CONNECTICUT**<br>**SUPERIOR COURT**<br>*www.jud.ct.gov* | **See page 2 for Instructions** |
|---|---|---|

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☒ "X" if claiming other relief in addition to or in lieu of money or damages.

**TO:** Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed *(Number, street, town and zip code)*<br>(C.G.S. §§ 51-346, 51-350) | Telephone number of clerk *(with area code)* | Return Date *(Must be a Tuesday)* |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | ( 203 ) 579-6527 | DECEMBER 18, 2012<br>Month    Day    Year |

| ☒ Judicial District   G.A. | At *(Town in which writ is returnable)* (C.G.S. §§ 51-346, 51-349) | Case type code *(See list on page 2)* |
|---|---|---|
| ☐ Housing Session   Number: | Bridgeport | Major: **T**    Minor: **90** |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented  *(Number, street, town and zip code)*<br>Lerner & Guarino, LLC, One Morningside Dr. N., Bldg. A, Westport, CT 06880 | Juris number *(to be entered by attorney only)*<br>420179 |
|---|---|

| Telephone number *(with area code)*<br>( 203 ) 817-0850 | Signature of Plaintiff *(if self-represented)* |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 6 | ☒ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and Address of Each party *(Number; Street; P.O. Box; Town; State; Zip; Country, if not USA)* | |
|---|---|---|
| **First Plaintiff** | Name:  SAUNDERS, ROGER L.<br>Address: 106 MARIOMI ROAD, NEW CANAAN, CT 06840 | P-01 |
| **Additional Plaintiff** | Name:<br>Address: | P-02 |
| **First Defendant** | Name:  BRINER, CLARK<br>Address: 167 LONG NECK POINT ROAD, DARIEN, CT 06820 | D-01 |
| **Additional Defendant** | Name:  REVERE CAPITAL, LLC - TEXAS C/O CLARK BRINER<br>Address: 167 LONG NECK POINT ROAD, DARIEN, CT 06820 | D-02 |
| **Additional Defendant** | Name:  REVERE CAPITAL, LLC - CONNECTICUT C/O CLARK BRINER<br>Address: 167 LONG NECK POINT ROAD, DARIEN, CT 06820 | D-03 |
| **Additional Defendant** | Name:  REVERE INVESTMENTS, LLC BY ITS STATUTORY AGENT MICHAEL L. GOLDMAN<br>Address: 200 CONNECTICUT AVE., NORWALK, CT 06854 | D-04 |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at *www.jud.ct.gov* under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at *www.jud.ct.gov* under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed *(Sign and "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>EDWARD N. LERNER | Date signed<br>11/15/2012 |
|---|---|---|---|

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-Represented Plaintiff)* | Date |
|---|---|---|

| Name and address of person recognized to prosecute in the amount of $250<br>STACIE MILLER, ONE MORNINGSIDE DR., N., BLDG. A, WESTPORT, CT 06880 | | |
|---|---|---|

| Signed *(Official taking recognizance; "X" proper box)* | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Date<br>11/15/12 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2   Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff *(Last, First, Middle Initial)*
**SAUNDERS, ROGER L.**

First named Defendant *(Last, First, Middle Initial)*
**BRINER, CLARK**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if Individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if Individual)* | Address *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| REVERE HIGH YIELD GP, LLC BY CLARK BRINER, 167 LONG NECK POINT ROAD, DARIEN, CT 06820 | | 05 |
| MADISON MOTT, INC. 20 KETCHUM STREET, WESTPORT, CT 06880 | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

| | | FOR COURT USE ONLY - File Date |
|---|---|---|
| | 12 | |
| | 13 | |
| | 14 | Docket number |

CIVIL SUMMONS-Continuation

RETURN DATE:   DECEMBER 18, 2012    : SUPERIOR COURT
                                 :

ROGER L. SAUNDERS                  : J.D. OF FAIRFIELD/BRIDGEPORT
                                 : AT BRIDGEPORT
V.                                              :
                                 :

CLARK BRINER, ET AL              : NOVEMBER 15, 2012

## VERIFIED COMPLAINT

1.      The Plaintiff, Roger L. Saunders ("Saunders") is an individual and a resident of the State of Connecticut.

2.      The Defendant, Clark Briner ("Briner") is an individual and a resident of the state of Connecticut.

3.      The Defendant, Revere Capital, LLC is a Texas limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

4.      The Defendant, Revere Capital, LLC (RC Connecticut) is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880. Revere Capital, LLC and RC Connecticut are collectively referred to as Revere Capital, LLC.

5.      The Defendant, Revere Investments, LLC is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

6.      The Defendant, Revere High Yield GP, LLC is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

7.      The Defendant, Madison|Mott, Inc. ("Madison") is a Connecticut Corporation with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

8.     On or around February 26, 2009, the limited liability company Revere Investments, LLC was formed.  As December 30, 2011, Plaintiff Saunders owned fifty percent (50%) of Revere Investments, LLC and Defendant Briner's entity Revere Capital, LLC owned the remaining fifty percent (50%) of Revere Investments, LLC.

9.     Revere Investments, LLC, utilized an investment structure whereby, on a deal-by-deal basis,  Revere Investments, LLC would pay investors a set interest rate and any profit earned above the investors' return is split equally (50/50) between Plaintiff Saunders and Defendant Briner's entity Revere Capital, LLC.  Pursuant to Revere Investments, LLC's Operating Agreement, Revere Investments, LLC is to pay for all expenses related to the on-going business and revenue generation for the benefit of Revere Investments, LLC.

10.     By agreement, it was Plaintiff Saunders principal obligation and duty to find investment opportunities for the benefit of Revere Investments, LLC, and by agreement, it was the principal obligation and duty of Defendant Briner to find investors and capital for the benefit of Revere Investments, LLC.  Defendant Briner is the sole member and manager of Revere Capital, LLC and is the 100% owner.  By agreement between Plaintiff Saunders and Defendant Briner any profits derived from the business and efforts of Revere Capital, LLC, shall be allocated to Revere Investments, LLC, and spilt equally (50/50) between Plaintiff Saunders and Defendant Briner and/or Revere Capital, LLC.

11.     Defendant Revere High Yield GP, LLC is a Connecticut limited liability company entity owned equally by Plaintiff Saunders (50%) and Defendant Briner (50%).  Defendant Revere High Yield GP, LLC is the General Partner of Defendant Revere High Yield Debt Fund,

L.P., a discretionary real estate debt fund and a Limited Partnership organized under the law of the State of Deleware. In or around May, 2011, Defendant Revere High Yield GP, LLC organized Revere High Yield Debt Fund, L.P. with the goal of co-mingling historical and potential Revere Investments' investors, as well as investors generated by Defendant Briner. Like Revere Investments, LLC by agreement, it was the principal duty and obligation of Plaintiff Saunders to find investment opportunities and the principal duty of Defendant Briner to find capital.

To the extent Revere High Yield Debt Fund, L.P. could not originate the entire loan, investor money was raised on a co-investment basis and all the profit and related expenses incurred in connection therewith were to be allocated to Revere Investments, LLC and accordingly split equally (50/50) between Plaintiff Saunders and Defendants Briner and/or Revere Capital, LLC. To extent Revere High Yield Debt Fund, L.P. could not originate the entire loan but Plaintiff Saunders and/or Briner initiated investors outside Defendant Revere High Yield Debt Fund, L.P. all profit was also to be split (50/50). The Management company for Revere High Yield Debt Fund, L.P. is Revere Investors, LLC but Defendant Briner acted as Servicing Agent without regard to any other Member and/or Manager.

12.    Proximate to the dates February 26, 2009 to date, the Defendant Briner, caused financial injury and misappropriated money rightfully belonging to Plaintiff Saunders for his own benefit. Specifically, Defendant Briner engaged in the following conduct, including but not limited to:

i.  The Defendant Briner by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation has been underpaying Revere High Yield Debt Fund, L.P. investors through erroneous accounting practices; By way of example, not limitation, Defendant Briner as servicing agent is paying Revere High Yield Debt Fund, L.P. investors current only their net investment in loans and not on their gross investment.

ii.  The Defendant Briner by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation has been underpaying Revere High Yield Debt Fund, L.P. investors on ancillary fees and revenues earned;

iii.  The Defendant, Briner by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation engaged in misallocating interest earned on up-front points causing significant underpayment to Revere High Yield Debt Fund, L.P. investors and Plaintiff Saunders;

iv.  In his scheme to convert, steal or otherwise defraud Plaintiff Saunders of money he was rightfully entitled to Defendant Briner engaged in an on-going commingling and misallocation of expenses and incorrect financial reporting of Revere Investments, LLC , the Revere High Yield Debt Fund, L.P., Revere Capital, LLC and RC Connecticut.  By way of example, and not limitation, Defendant

Briner allocated or charged approximately $104,000.00 of expenses

to Revere Investments, LLC, unrelated to the business purposes or

operations of Revere Investments, LLC;

v.      In his scheme to convert, steal or otherwise defraud Plaintiff Saunders

of money he was rightfully entitled to Defendant Briner allocated

loan revenue to his personally owned entities Revere Capital, LLC

and/or its duplicate shell RC Connecticut;

vi.     In his scheme to convert, steal or otherwise defraud Plaintiff Saunders

of money he was rightfully entitled to Defendant Briner engaged in

intentional incorrect and misleading application of accounting

methodology;

vii.    In his scheme to convert, steal or otherwise defraud Plaintiff Saunders

of money he was rightfully entitled to Defendant Briner formed a

mirror/duplicate entity with the identical name as Revere Capital,

LLC, (RC Connecticut) for the purposes of diverting money,

misleading those dealing with the company and to confuse and

deceive Plaintiff Saunders as to financial obligations, fees, duties,

accounting methodology, profits and finances;

viii.   In his scheme to convert, steal or otherwise defraud Plaintiff

Saunders of money he was rightfully entitled to Defendant Briner has

concealed and refused to disclose certain key documents in

connection with an audit of the company commenced by Plaintiff Saunders;

ix.      In his scheme to convert, steal or otherwise defraud Plaintiff Saunders of money he was rightfully entitled to Defendant Briner engaged in the unauthorized taking of profits generated from Revere Investments LLC's investors through the utilization of Plaintiff Saunders' reputation, proven track record, experience, revenue and sourcing.

x.       In his scheme to convert, steal or otherwise defraud Plaintiff Saunders of money he was rightfully entitled to Defendant Briner engaged in self-dealing, unauthorized manipulation, misallocation and diversion of Revere Investments, LLC's profit for his own benefit and that of his personally owned entities, Revere Capital, LLC and/or its duplicate shell RC Connecticut.

xi.      In violation of the agreements between Defendant Briner and Plaintiff Saunders, Defendant Briner engaged in the self-dealing, unauthorized manipulation, misallocation and diversion of Revere Investment, LLC's profit and assets for his own benefit and that of his personally owned entities, Revere Capital, LLC, and the second shell duplicate RC Connecticut;

xii.    Defendant Briner by way of deceptive practices, common schemes
        and artifices procured money from Plaintiff Saunders by means of
        false pretenses, fraud and misrepresentations;

xiii.   Defendant Briner procured "bridge loans" from Plaintiff Saunders by
        means of false pretenses, fraud and misrepresentations;

xiv.    Defendant Briner has converted, failed and refused to turnover money
        and compensation belonging to Plaintiff Saunders;

xv.     Defendant Briner by way of deceptive practices, common schemes
        and artifices has concealed and or diverted the 15% Asset
        Management Fee legally due, owing, and belonging to Plaintiff
        Saunders while simultaneously paying himself 85% of the Asset
        Management Fee;

xvi.    In his scheme to convert, steal or otherwise defraud Plaintiff Saunders
        of money he was rightfully entitled to Defendant Briner has engaged
        in self dealing;

xvii.   Defendant Briner by way of deceptive practices, common schemes
        and artifices has misrepresented the ownership of Revere Capital,
        LLC and/or its duplicate shell RC Connecticut using Plaintiff
        Saunders' name, reputation, contacts and relationships for purposes of
        marketing and raising capital;

xviii.  Defendant Briner and his personally held entity Revere Capital, LLC
        and its duplicate shell RC Connecticut, have failed to honor the

- 7 -

obligations, duties and responsibilities to Plaintiff Saunders as 50%

interest owner of Revere Investments , LLC;

xix.    Defendant Briner and his personally held entities Revere Capital,

LLC and/or its duplicate shell RC Connecticut have failed to honor

the obligations, duties and responsibilities to Plaintiff Saunders and as

a 50% interest owner of Revere Investments, LLC and Defendant

Revere High Yield GP, LLC;

xx.    Defendant Briner by way of fraud, deceit and misrepresentation

induced the Plaintiff Saunders to identify investment opportunities to

Defendant Briner;

xxi.    Defendant Briner by way of deceptive practices, common schemes

and artifices including fraud, deceit and misrepresentation has

engaged in improper self dealing damaging Plaintiff Saunders by

entering into agreements with his related and non-related entities

without consulting Plaintiff Saunders or without authorization and

appropriate documentation. By way of example, but not limitation,

Defendant Briner entered into participation agreements with his

personally owned companies Revere Capital, LLC and/or its

duplicate shell RC Connecticut using Revere Investments, LLC's

investors, loans, capital, investors and loans, for personal gain.

Defendant Briner diverted  due diligence revenue to his personal

accounts and/or personal entities and Defendant Briner originated

unauthorized Revere High Yield Debt Fund, L.P. loans in personal entities;

xxii.    Defendant Briner hired a consultant to perform due diligence on the best and most appropriate mortgage servicing software for the Revere High Yield Debt Fund, L.P. then improperly expensed the consultant's services through Revere Investments, LLC;

xxiii.   Defendant Briner purchased the consultant's recommended mortgage servicing software for the Revere High Yield Debt Fund, L.P. in Revere Capital, LLC and/or its duplicate shell RC Connecticut with the branding of the software in the Revere Capital, LLC's name to promote Defendant Briner's personally owned entities. Defendant Briner in an act of self dealing leased the software back to Revere Investments, LLC with a payback period of approximately 3.5 years, after which time Revere Capital, LLC and/or its duplicate shell RC Connecticut would break even in its lease and profit from the arrangement while owning 100% of the software;

xxiv.   Defendant Briner is diverting business opportunity away from Revere Investments, LLC damaging Plaintiff Saunders;

xxv.    Defendant Briner, along with his wife Kristin Briner's company, Defendant Madison, did defraud Plaintiff Saunders of money to which he was rightfully entitled.  Defendant Briner hired Defendant Madison, a marketing company, numerous times whereby his wife

Kristine Briner, would perform services exclusively for Revere

Capital, LLC or Revere Capital, LLC the duplicate shell.  Despite

knowing that no work was ever done by Defendant Madison for

Revere Investments, LLC the invoices were submitted to Revere

Investments, LLC and  Madison was paid and accepted payment from

Revere Investments , LLC increasing the expenses of Revere

Investments, LLC and diminishing profits;

xxvi.   Defendant Briner has been diverting profits from loans into Revere

Capital, LLC and/or its duplicate shell RC Connecticut but paying a

portion of deal and fund related expenses from Revere Investments,

LLC.  This has included, but is not limited to, travel expenses of

almost $9,000.00, food and beverage expenses of over $9,000.00.

Expenses for Revere Capital, LLC's website of over $7,000.00,

Revere Capital, LLC's office expenses of over $7,500.00. Defendant

Briner has further taken expenses of over $15,000.00, for capital

placement agents out of Revere Investments, LLC and bookkeeping

expenses of over $34,000.00, office expenses and servicing expenses.

xxvii.  Defendant Briner by way of deceptive practices, common schemes

and artifices including fraud, deceit and misrepresentation has

without consent, and in violation of agreements has taken a portion of

the profits of certain loans generated by Revere Investments, LLC by

placing the loans in Revere Capital, LLC and or its duplicate shell RC

Connecticut  and diverting profits away from Revere Investments, LLC.

13.     The Defendants' conduct if it continues it will cause irreparable financial harm to the Plaintiff.

> **COUNT I**     (Application for appointment of temporary and permanent receivers as to Revere Investments, LLC and Revere High Revere High Yield GP, LLC)

14.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

15.     As a result of Defendant Briner's fore stated conduct and his continuing improper conduct Plaintiff Saunders and the businesses will suffer immediate and irreparable financial harm through the misuse, misappropriation and mismanagement of  Revere Investments, LLC and Revere High Defendant Revere High Yield GP, LLC.

16.   Whereby Plaintiff prays the immediate emergency appointment of temporary and permanent  receivers for  Revere Investments, LLC and Revere High Defendant Revere High Yield GP, LLC.

> **COUNT II**     (Common Law Fraud As to Defendants Briner and Revere Capital, LLC)

17.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

18.     Defendant Briner and Revere Capital, LLC knowingly made fraudulent misrepresentations and omissions of material facts by, among other things, making false and misleading statements and misrepresentations to Plaintiff Saunders regarding the handling, allocation and appropriation of clients, financial matters, expenses and profits.

19.    Defendant Briner and Revere Capital, LLC made such representations and omissions of material facts as set forth above and specifically pled in paragraphs 1-18, with the actual intent that Plaintiff Saunders rely upon them inducing Plaintiff Saunders to bring Defendant Briner new investment opportunities, to allow Defendant Briner to manage money matters, expenses and profit allocation, and to allow Defendant Briner to exploit the 40 years of business experience and track record of Plaintiff Saunders for Defendant Briner's own improper personal gain. Moreover, Plaintiff Saunders was induced to forebear using the investment opportunities he procured elsewhere for financial gain

20.    Plaintiff Saunders reasonably relied upon such representations and omissions of material fact to his detriment and, among other things, did bring Defendant Briner and Revere Capital, LLC new investment opportunities, did allow Defendant Briner to manage money matters, expenses and profit allocation, and did allow Defendant Briner to exploit the 40 years of business experience and track record of Plaintiff Saunders. Further Plaintiff Saunders was induced to forebear using the investment opportunities he procured elsewhere for his own financial gain.

21.    By reason of the fraudulent conduct of each of Defendants, Plaintiff Saunders has been damaged.

**COUNT III    (Breach of Revere Investments, LLC Contract As to Defendants
Briner and Revere Capital, LLC)**

22.    Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

23.    Defendants Briner and Revere Capital, LLC's refusal and failure to fulfill their obligations pursuant to their agreements with the Plaintiff Saunders as to Revere Investments, LLC is a breach.

24.     By reason of Defendants' breach, Plaintiff Saunders has been damaged in an amount to be determined at trial.

**COUNT IV    (Breach of Revere High Defendant Revere High Yield GP, LLC GP, LLC  Contract As to Defendant Briner)**

25.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

26.     Defendant Briner's refusal and failure to fulfill his obligations pursuant to his agreements with the Plaintiff as to Defendant Revere High Yield GP, LLC and the Revere High Yield Debt Fund, L.P. is a breach.

27.     By reason of Defendant's breach, Plaintiff Saunders has been damaged in an amount to be determined at trial.

**COUNT V     (Violation of Connecticut Uniform Securities Act As to Briner and Revere Capital, LLC)**

28.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

29.     Plaintiff Saunders did not know of the untrue statements or omissions, and in the exercise of reasonable care could not have known of the untrue statements or omissions.

30.     Defendants knew of the untrue statements or omissions.

31.     Defendant's misrepresentations and omissions were intentional, and constituted fraud.

32.     As a direct and proximate result of Defendant's untrue statements and omissions, Plaintiff Saunders has suffered the damages described herein.

33.     Defendant's untrue statements and omissions as described herein violated the Connecticut Uniform Securities Act, Conn. Gen. Stat. Section 36b-29, and entitle Plaintiff Saunders to recover money damages as provided for under Conn. Gen. Stat. Section 36b-29(a).

**COUNT VI    (Violations of Connecticut Unfair Trade Practices Act As to Briner and Revere Capital, LLC)**

34.    Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

35.    Defendants are "persons" engaged in "trade or commerce," as defined by Conn. Gen. Stat. Section 42-110a.

36.    The above-described acts of the Defendants constitute unfair and/or deceptive acts or practices in the conduct of a trade or business, in violation of Conn. Gen. Stat. Section 42-110a et seq.

37.    Defendants' conduct went beyond professional negligence, and amounted to unscrupulous conduct that violates the entrepreneurial and/or business aspects of business and of financial advisory professions.

38.    As a direct and proximate result of Defendants' conduct, as described above Plaintiff Saunders has suffered an ascertainable loss.

**COUNT VII    (Breach of Fiduciary Duty against Briner and Revere Capital, LLC)**

39.    Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

40.    As an equal owner and Manager of Revere Investments, LLC and of the Defendant Revere High Yield GP, LLC Defendant Briner owed a fiduciary duty to Plaintiff Saunders.

41.    By virtue of the aforementioned conduct, Defendant Briner and Revere Capital, LLC  breached their fiduciary duty owed to Plaintiff Saunders.

- 14 -

42.     As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff Saunders has suffered damages and Defendants Briner and Revere Capital, LLC were unjustly enriched.

### COUNT VIII (Breach of Covenant of Good faith and Fair Dealing As to Briner and Revere Capital, LLC)

43.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

44.     Plaintiff Saunders and Defendant Briner and Revere Capital, LLC were parties to an Agreement of which the Plaintiff Saunders, reasonably expected to receive certain benefits.

45.     Defendants Briner and Revere Capital, LLC engaged in the above described conduct that injured the Plaintiff Saunders right to receive his benefits.

46.     Defendants, Briner and Revere Capital, LLC were  acting in bad faith when they committed the above described acts injuring the rights of Plaintiff Saunders to receive his benefit from the Agreements.

### COUNT IX   (Fraudulent Inducement by Briner and Revere Capital, LLC)

47.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

48.     Defendants Briner and Revere Capital, LLC through Briner made the above false representations as a statement of fact.

49.     The statements were untrue and known to be untrue by the Defendants Briner and Revere Capital, LLC.

50.     The statements were made to induce the Plaintiff Saunders to act on the representations.

51.     The Plaintiff acted upon the representations to his injury.

- 15 -

**COUNT X (Statutory Theft As To As to Briner and Revere Capital, LLC)**

52.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

53.     Defendant Briner, intentionally, with calculation, design and with larcenous intent did deceive the Plaintiff Saunders wrongfully taking, obtaining and withholding Plaintiff Saunders money to convert the Plaintiff Saunders' money to Defendant Briner's own use and permanently deprive Plaintiff Saunders of his money.

54.     The above described acts of the Defendants constitutes theft pursuant to Conn. Gen. Stat. Section 52-564.

55.     Pursuant to 52-564, Plaintiff Saunders is entitled to treble damages.

**COUNT XI (Conversion of Funds As To As to Briner and Revere Capital, LLC)**

56.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

57.     Defendant Briner, intentionally, with calculation, design and with larcenous intent did deceive Plaintiff Saunders wrongfully taking, obtaining, exercising control over and withholding Plaintiff Saunders' money to convert the Plaintiff Saunders money to Defendant Briner's own use and permanently deprive Plaintiff Saunders of his money.

58.     Plaintiff Saunders is entitled to treble Damages as a result of the conversion.

**COUNT XII (Action for dissolution As to Revere High Yield Debt Fund, L.P)**

59.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

60.     Plaintiff Saunders moves for Judicial dissolution of Revere Investments, LLC and Defendant Revere High Yield GP, LLC.

61.     There is a deadlock in management in both Revere Capital, LLC and Revere High Yield GP, LLC that cannot be broken.

**COUNT XIII (Fraud against Madison|Mott, Inc)**

62.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

63.     Acts of Madison as described hereinbefore constitute fraud against the Plaintiff Saunders.

**COUNT XIV (Unjust enrichment against Madison|Mott, Inc)**

64.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

65.     As a result of acts of Madison as described hereinbefore, result in Defendant Madison being unjustly enriched.

**COUNT XII (Action for dissolution As to Revere High Yield Debt Fund, L.P)**

59.     Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

60.     Plaintiff Saunders moves for Judicial dissolution of Revere Investments, LLC and Defendant Revere High Yield GP, LLC.

61.     There is a deadlock in management in both Revere Capital, LLC and Revere High Yield GP, LLC that cannot be broken.

**COUNT XIII (Fraud against Madison|Mott, Inc)**

62.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

63.     Acts of Madison as described hereinbefore constitute fraud against the Plaintiff Saunders.

**COUNT XIV (Unjust enrichment against Madison|Mott, Inc)**

64.     The Plaintiff repeats and realleges paragraphs 1-13, as if fully set forth herein.

65.     As a result of acts of Madison as described hereinbefore, result in Defendant Madison being unjustly enriched.

**WHEREFORE**, Plaintiff Saunders respectfully prays for relief and judgment as follows:

1.      An order of equitable and legal relief requiring Defendant Briner and Defendant Revere Capital, LLC to return any and all monies wrongfully obtained to the investors, immediately, and without delay.

2.      The appointment of a receiver for Revere Investments, LLC;

3.      The appointment of a receiver for Revere High Defendant Revere High Yield GP, LLC;

4.      Awarding the Plaintiff punitive damages to the extent of Plaintiff's entitlement thereto under applicable laws, including pursuant to Conn. Gen. Stat. Section 42-110g(a);

5.      Awarding the Plaintiff costs and attorneys' fees under applicable law, including Conn. Gen. Stat. Section 42-110g(d) and Conn. Gen. Stat. Section 36b-29(a);

6.      A temporary and permanent Order of Injunction enjoining and restraining Defendants Briner and Revere Capital, LLC from selling, transferring, disposing or hypothecating any assets or investment funds without permission of this court;.

7.      Awarding the Plaintiff compensatory and incidental damages against all Defendants;

8.      Awarding the Plaintiff actual damages pursuant to Conn. Gen. Stat. Section 42-110g(a);

9.      Awarding the Plaintiff punitive damages to the extent of the Plaintiff is entitled thereto under applicable laws, including pursuant to Conn. Gen. Stat. Section 42-110g(a);

10.      Awarding the Plaintiff all costs and disbursements they incurred in this action;

11.     Awarding the Plaintiff treble damages as to Count IX pursuant to Conn. Gen. Stat. Section 52-564;

12.     The Plaintiff moves for Judicial dissolution of Revere Investments, LLC and Defendant Revere High Yield GP, LLC;

13.     Awarding the Plaintiff such other and further relief, both legal and equitable, as the Court, in its discretion, may deem just and proper.

THE PLAINTIFF
ROGER L. SAUNDERS

By: _____

Edward N. Lerner
Lerner and Guarino, LLC
One Morningside Drive North, Building A
Westport, Connecticut  06850
(203) 817-0850
Juris No.: 420179

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.  Executed this ____ day of November 2012.

Roger L. Saunders

Subscribed and sworn to this
____ day of November, 2012
Before me

Edward N. Lerner, Esq.
Commissioner of the Superior Court

- 20 -

STATE OF CONNECTICUT          :

          **SS: Darien**      November 16, 2012

COUNTY OF FAIRFIELD          :

   Then and there by virtue hereof and by direction of the plaintiff's attorney, I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Clark Briner, 167 Long Neck Road, Darien, Connecticut.**

And afterwards on November 16, 2012 I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Revere Capital, LLC – Texas C/O Clark Briner, 167 Long Neck Road, Darien, Connecticut.**

And afterwards on November 16, 2012 I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Revere Capital, LLC – Connecticut C/O Clark Briner, 167 Long Neck Road, Darien, Connecticut.**

And afterwards on November 16, 2012 I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Revere High Yield GP, LLC BY Clark Briner, 167 Long Neck Road, Darien, Connecticut.**

And afterwards on November 16, 2012 I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Madison Mott, Inc. C/O Kristen Briner, Vice President, 167 Long Neck Road, Darien, Connecticut.**

The within and foregoing Summons and Complaint with my doings hereon endorsed.

Attest,

MICHAEL C. DELLI CARPINI
STATE MARSHAL
FAIRFIELD COUNTY

| | |
|---|---|
| Travel | $    7.15 |
| Service | $ 500.00 |
| Verified Pages | $ 435.00 |
| Endorsements | $  14.00 |
| | |
| Total | $ 956.15 |

STATE OF CONNECTICUT     :

                                **SS: Darien**            **November 20, 2012**

COUNTY OF FAIRFIELD     :

       Then and there by virtue hereof and by direction of the plaintiff's attorney, I left a true and attested copy of the within original Summons and Complaint, Order To Show Cause, Application for Appointment of a Temporary Receiver, Affidavit of Roger L. Sanders in Support of Application For the Appointment of Temporary Receiver, Order To Show Cause/Complaint, Application For Temporary Injunction and Order To Show Cause, Application of Roger L. Sanders in Support of the Application for Temporary Injunction and Order To Show Cause, Order of Temporary Injunction, Bond, Verified Complaint at the usual place of abode of the within named defendant, **Revere Investments, C/O Clark Briner, 167 Long Neck Road, Darien, Connecticut.**

       The within and foregoing Summons and Complaint with my doings hereon endorsed.

                                    Attest,

                                      MICHAEL C. DELLI CARPINI
                                      STATE MARSHAL
                                      FAIRFIELD COUNTY

| | | |
|---|---|---|
| Travel | $ | - |
| Service | $ | 10.00 |
| Verified Pages | $ | 87.00 |
| Endorsements | $ | 2.80 |
| | | |
| Total | $ | 99.80 |

EXHIBIT B

FST-CV-12-6031675-S

| | | |
|---|---|---|
| ROGER L. SAUNDERS | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| | : | FAIRFIELD |
| vs. | : | |
| | : | AT BRIDGEPORT |
| CLARK BRINER, *et al.*, | : | |
| | : | |
| Defendants. | : | APRIL 17, 2013 |

## MOTION FOR PERMISSION TO AMEND VERIFIED COMPLAINT AND TO CITE ADDITIONAL PARTIES

Pursuant to Practice Book Section 10-60(a)(3), Plaintiff Roger Saunders ("Plaintiff"), hereby requests leave to amend his Complaint in accordance with the document appended hereto as Exhibit A.

## REQUEST FOR PERMISSION TO AMEND VERIFIED COMPLAINT

Plaintiff seeks leave to amend its Complaint to reflect the significant changes in its factual understanding of the conduct undertaken by all of the named Defendants.

Plaintiff seeks leave to amend his Verified Complaint to reflect significant changes in his factual understanding of the conduct undertaken by the named Defendants and the Defendants that the Plaintiff seeks to cite as additional parties as discussed below. It has come to Plaintiff's attention that the Defendants have been marketing the track record of Plaintiff, Revere Investments, LLC ("Revere Investments"), and Revere High Yield Debt Fund, L.P., ("Fund").

The Plaintiff is a 50% owner of Revere Investments and a 50% owner of Fund.  However, Defendants, as well as the proposed new Defendants, have been marketing the track record of Plaintiff, Revere Investments, and Fund as **solely** the accomplishments of the Defendants Clark Briner, ("Briner"), Revere Capital, LLC (Texas) ("Revere Capital Texas"), Revere Capital, LLC (Connecticut), ("Revere Capital Connecticut"), Revere Capital Management, LLC ("Revere Management"), and/or Revere High Yield Fund, LP ("Fund II").

The Defendants' intentional and egregious conduct is evidenced by certain documents that have been displayed on a Revere Capital website and distributed to potential investors as well as prior investors of Plaintiff, Revere Investments, and Fund.  These documents reveal the Defendants' unauthorized marketing practices and establish that he is using the track record of Revere Investments as his own or that of Revere Capital.  The documents include, but are not limited to, the following:

- A Pitch Book for Revere Capital, which includes deals that were sourced by Revere Investments and includes people on the management team who were employed by Revere Investments.  A copy of the Pitch Book is annexed hereto as Exhibit "B";

- A portion from the Revere Capital, LLC website that outlines various "case studies."  The cases studies, including "Mixed Use Loan Acquisition", were deals

that were consummated and performed by Roger Saunders without the assistance of Briner, Fund II, or any of the Revere Capital entities. A copy of the website references are annexed hereto as Exhibit "C".

Accordingly, the Defendants, and proposed new Defendants, are improperly marketing themselves to the detriment of Plaintiff. Additionally, such marketing tactics constitute false and misleading advertising. The Defendants have made the false and misleading representations of fact in an attempt to secure new investors as well as prior investors of Plaintiff, Revere Investments, and Fund. The fraudulent statements and misleading representations are likely to confuse potential investors.

Since the inception of this lawsuit, there has been an ongoing examination of the financial records of the Revere Investments and the Fund by an agreed upon fiduciary and accountants. The ongoing examination of financial records has revealed a more detailed understanding of the misrepresentations of fact concerning accounting practices and the financial condition of Revere Investments and Fund. Additionally, the is a more detailed understanding of the misallocation of expenses, revenues, and fees for the purposes of redirecting money and misleading investors concerning financial obligations, fees, duties, accounting practices, and profits. Therefore, Plaintiff seeks to Amend his Verified Complaint to further set forth these facts and related causes of action.

Further, Defendants Briner, Revere Capital Texas, and Revere Capital Connecticut filed a Motion to Strike the Verified Complaint on April 15, 2013. *See*, Docket Entry No. 118.00. The filing of the Motion to Strike is a further basis for Plaintiff to file the attached Amended Verified Complaint.

## REQUEST TO CITE ADDITIONAL PARTIES

Plaintiff seeks to cite the additional parties of Fund II, and Revere Management as Defendants. Plaintiff was unaware of these entities at the time of the filing of the original Complaint, in November of 2012. Fund II was registered as a Domestic Limited Partnership in Delaware on December 17, 2012, a little over a month *after* the original Complaint was filed.

Further while Revere Management was registered with Connecticut as a domestic Limited Liability Company on November 5, 2012, Plaintiff was unaware of its formation at the time of the filing of the original Complaint given the proximity of its formation date to the date that the Complaint was filed (November 26, 2012).

## CONCLUSION

Thus, the attached Amended Complaint sets forth the changed factual and legal claims for the Plaintiff's revised and brand new causes of action against the Defendants. Further the

attached Amended Complaint sets forth the basis for the addition of parties Fund II and Revere

Management.

Accordingly, the Plaintiff submits that leave to amend the Verified Complaint and to cite

additional parties is proper and the attached Amended Complaint, with added parties, should

become effective in accordance with P.B. § 10-60 (a)(3).

THE PLAINTIFF
ROGER L. SAUNDERS

By:   */s/ Joseph M. Pastore III*
      Joseph M. Pastore III
      Stephen DeBernardis
      Pastore & Dailey, LLC
      4 High Ridge Park, 3rd Floor
      Stamford, CT 06905
      Phone: (203) 658-8454
      Fax: (203) 248-0852
      Juris No. 433711

      *      *      *

      Edward N. Lerner
      Lerner and Guarino, LLC
      One Morningside Drive North
      Building A
      Westport, CT 06850
      (203) 817-0850
      Juris No.: 420179

      Its attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing was sent first class mail this 17th day of April, 2013 to the following counsel and pro-se parties of record:

> Peter J. Royer, Esq.
> Mayo Crowe LLC
> City Place II
> 185 Asylum Street
> Hartford, CT 06103
>
> Stuart Michael Katz, Esq.
> Cohen & Wolf PC
> P.O. Box 1821
> Bridgeport, CT 06601

By: */s/ Joseph M. Pastore III*
Joseph M. Pastore III

# EXHIBIT A

FST-CV-12-6031675-S

| | | |
|---|---|---|
| ROGER L. SAUNDERS | : | SUPERIOR COURT |
| | : | |
| Plaintiff, | : | JUDICIAL DISTRICT OF |
| | : | FAIRFIELD |
| vs. | : | |
| | : | AT BRIDGEPORT |
| CLARK BRINER, *et al.*, | : | |
| | : | |
| Defendants. | : | APRIL 17, 2013 |

## AMENDED VERIFIED COMPLAINT

1.    The Plaintiff, Roger L. Saunders ("Saunders") is an individual and a resident of the State of Connecticut.

2.    The Defendant, Clark Briner ("Briner") is an individual and a resident of the state of Connecticut.

3.    The Defendant, Revere Capital, LLC (Texas) ("Revere Capital Texas") is a Texas limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

4.    The Defendant, Revere Capital, LLC (Connecticut) ("Revere Capital Connecticut") is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

5.     The Defendant, Revere Investments, LLC ("Revere Investments") is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

6.     The Defendant, Revere High Yield GP, LLC ("Revere GP") is a Connecticut limited liability company with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

7.     The Defendant, Madison Mott, Inc. ("Madison") is a Connecticut Corporation with a principal place of business at 20 Ketchum Street, Westport, Connecticut 06880.

8.     The Defendant, Revere High Yield Fund, L.P. ("Fund II") is a Delaware limited partnership with a principal place of business of 20 Ketchum Street, Westport, Connecticut 06880.

9.     The Defendant, Revere Capital Management, LLC, is a Connecticut limited liability company with a principal place of business of 20 Ketchum Street, Westport, Connecticut 06880.

10.     On or around February 26, 2009, the limited liability company Revere Investments was formed by Saunders' successor in interest and Revere Capital Texas. Pursuant to the applicable Operating Agreement, Plaintiff Saunders owned fifty percent (50%)

of Revere Investments and Defendant Revere Capital (Texas), which is wholly owned by Briner, owned the remaining fifty percent (50%) of Revere Investments.

11.    Revere Investments utilized an investment structure whereby, on a deal-by-deal basis, Revere Investments would pay investors a set interest rate on their investment and any profit earned above the investors' return is split equally (50/50) between Saunders and Revere Capital Texas, Briner's entity.  Pursuant to its Operating Agreement, Revere Investments is to pay for all expenses related to the on-going business and revenue generation for the benefit of Revere Investments.

12.    Since the formation of Revere Investments, Saunders and Briner had agreed that it was Saunders' principal obligation and duty to find investment opportunities for the benefit of Revere Investments, and that it was the principal obligation and duty of Briner to find investors and capital for the benefit of Revere Investments.

13.    Briner is the sole owner, member, and manager of Revere Capital Texas. By agreement between Saunders and Briner, any profits derived from the business and efforts of Revere Capital Texas shall be allocated to Revere Investments, LLC, and spilt equally (50/50) between Saunders and Briner and/or Revere Capital Texas.

14.  Revere GP is a Connecticut limited liability company entity owned equally by Saunders (50%) and Briner (50%).  The formation and management of Revere GP is governed by a Limited Liability Company Agreement executed by Saunders and Briner.  Revere GP is the General

3

Partner of Revere High Yield Debt Fund, L.P. ("Fund"), a discretionary real estate debt fund organized under the laws of the State of Delaware.

15. In approximately May, 2011, Revere GP organized the Fund with the goal of co-mingling historical and potential Revere Investments' investors, as well as investors generated by Defendant Briner. Similarly to Revere Investments, by agreement between Saunders and Briner, it was the principal duty and obligation of Saunders to find investment opportunities and the principal duty of Briner to find capital.

16. To the extent the Fund could not originate the entire loan, investor money was raised on a co-investment basis and all the profit and related expenses incurred in connection therewith were to be allocated to Revere Investments and accordingly split equally (50/50) between Saunders and Briner and/or Revere Capital Texas.

17. The management company for the Fund is Revere GP but Briner acted as Servicing Agent without regard to any other Member and/or Manager.

18. The Fund was created on February 24, 2011 with an anticipated term of seven years. Briner's actions have caused the Fund to prematurely wind down its business. The premature wind down of the Fund will result in loss of profits to the Plaintiff.

19. Pursuant to Section 5.4 of the Operating Agreement of Revere Investments, Briner and Revere Capital Texas were not permitted to compete with Revere Investments "by

4

owning, being employed by, consulting for and/or participating in a business relating to high yield and hard money first and second mortgage lending".

20.     In December 2012, Briner formed a competing fund, Fund II. Briner also formed Revere Management, the general partner of Fund II, in November 2012.

21.     Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II have been marketing the track records of Revere Investments and the Fund as the accomplishments solely of Briner, Revere Capital Texas, Revere Capital Connecticut, and Fund II. For example, the misuse of the track record includes, but is not limited to, the following:

        i.     Briner has created a Revere Capital pitch book that details deals that were sourced by Revere Investments and includes people on the management team employed by Revere Investments;

        ii.     Briner has created a Revere Capital website that displays "case studies" that include references to Mixed Use Loan Acquisition, which were deals that were consummated and performed by Saunders without the assistance of Briner or Revere Capital.;

        iii.     Briner has created Fund II, which has a name substantially similar to the Fund, namely Revere High Yield Fund, L.P. The track records of Revere Investments and the Fund have been used

5

to market Fund II, including the existing investors that participated in Revere Investments' prior deals and invested in the Fund.

22.    Approximately from February 26, 2009 to date, Briner, Revere Capital Texas, and Revere Capital Connecticut caused financial injury and misappropriated money, which rightfully belonged to Saunders, for their own benefit. Specifically, Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in the following conduct, set forth in subsequent paragrapahs.

23.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation have been underpaying Fund investors through erroneous accounting practices. By way of example, not limitation, Briner as servicing agent paid Fund investors only on their net investment in loans and not on their gross investment.

24.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation have been underpaying Fund investors on ancillary fees and revenues earned;

25.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices including fraud, deceit and

misrepresentation engaged in misallocating interest and points earned at origination causing significant underpayment to Fund investors and Saunders;

26.     In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in an on-going commingling and misallocation of expenses and incorrect financial reporting of Revere Investments, the Fund, Revere Capital Texas, Revere Capital Connecticut.   By way of example, and not limitation, Briner, Revere Capital Texas, and/or Revere Capital Connecticut allocated or charged approximately $104,000.00 of expenses to Revere Investments unrelated to the business purposes or operations of Revere Investments;

27.     In their scheme to convert, steal or otherwise defraud Plaintiff Saunders of money he was rightfully entitled to, Defendant Briner, Revere Capital Texas, and Revere Capital Connecticut allocated loan revenue to Briner's personally owned entities Revere Capital Texas and Revere Capital Connecticut.

28.     In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Defendants Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in intentional incorrect and misleading application of accounting methodology.

29.     In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Briner and/or Revere Capital Texas formed Revere Capital Connecticut, a

mirror/duplicate entity with the identical name as Revere Capital Texas, for the purposes of diverting money, misleading those dealing with the company and to confuse and deceive Saunders as to financial obligations, fees, duties, accounting methodology, profits and finances.

30.    In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Briner, Revere Capital Texas, and Revere Capital Connecticut have concealed and refused to disclose certain key documents in connection with an audit of the company commenced by Saunders.

31.    In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in the unauthorized taking of profits generated from Revere Investments' investors through the utilization of Saunders' reputation, proven track record, experience, revenue and sourcing.

32.    In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to, Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in self-dealing, unauthorized manipulation, misallocation and diversion of Revere Investments' profit for Briner's own benefit and that of his personally owned entities, Revere Capital Texas, and Revere Capital Connecticut.

33.    In violation of the agreements between Briner and Saunders, Briner, Revere Capital Texas, and Revere Capital Connecticut engaged in the self-dealing, unauthorized

manipulation, misallocation and diversion of Revere Investments' profit and assets for his own benefit and the benefit of his personally owned entities, Revere Capital Texas and Revere Capital Connecticut.

34.     Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices procured money from Saunders by means of false pretenses, fraud and misrepresentations.

35.     Briner, Revere Capital Texas, and Revere Capital Connecticut procured "bridge loans" from Plaintiff Saunders by means of false pretenses, fraud and misrepresentations.

36.     Briner, Revere Capital Texas, and Revere Capital Connecticut have converted, failed and refused to turnover money and compensation belonging to Saunders.

37.     Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices has concealed and or diverted the 15% Asset Management Fee legally due, owing, and belonging to Saunders while simultaneously paying Briner 85% of the Asset Management Fee.

38.     In their scheme to convert, steal or otherwise defraud Saunders of money he was rightfully entitled to Briner, Revere Capital Texas, and Revere Capital Connecticut have engaged in self-dealing.

39.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices have misrepresented the ownership of Revere Capital Texas and/or its duplicate shell, Revere Capital Connecticut, by using Saunders' name, reputation, contacts and relationships for purposes of marketing and raising capital.

40.    Briner, Revere Capital Texas, and Revere Capital Connecticut have failed to honor the obligations, duties and responsibilities to Saunders as 50% owner of Revere Investments.

41.    Briner and his personally held entities Revere Capital Texas and/or Revere Capital Connecticut have failed to honor the obligations, duties and responsibilities to Saunders and as a 50% owner of Revere Investments and Revere GP.

42.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of fraud, deceit and misrepresentation induced the Saunders to identify investment opportunities to Briner, Revere Capital Texas, and Revere Capital Connecticut.

43.    Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation have engaged in improper self-dealing damaging Saunders by entering into agreements with his related and non-related entities without consulting Saunders or without authorization and appropriate documentation. By way of example, but not limitation, Briner

10

entered into participation agreements with his personally owned companies Revere Capital Texas and/or its duplicate shell Revere Capital Connecticut using Revere Investments' investors, loans, capital, experience and employees for personal gain.  Briner diverted due diligence revenue to his personal accounts and/or personal entities and Briner originated unauthorized Fund loans and/or diverted Fund loans in/to personal or related entities.

44.     Briner, Revere Capital Texas, and Revere Capital Connecticut hired a consultant to perform due diligence on the best and most appropriate mortgage servicing software for the Fund then improperly expensed the consultant's services through Revere Investments.

45.     Briner, Revere Capital Texas, and Revere Capital Connecticut purchased the consultant's recommended mortgage servicing software for the Fund, in Revere Capital Texas and/or its duplicate shell Revere Capital Connecticut with the branding of the software in Revere Capital's name to promote Briner's personally owned entities. Briner in an act of self-dealing leased the software back to Revere Investments with a payback period of approximately 3.5 years, after which time Revere Capital Texas and/or its duplicate shell Revere Capital Connecticut would break even in its lease and profit from the arrangement while owning 100% of the software.

46.     Briner, Revere Capital Texas, and Revere Capital Connecticut are diverting business opportunity away from Revere Investments damaging Saunders.

11

47.     Briner, along with Briner's wife Kristin Briner's company, Madison, did defraud Saunders of money to which he was rightfully entitled. Briner hired Madison, a marketing company, numerous times whereby his wife Kristine Briner, would perform services exclusively for Revere Capital Texas or Revere Capital Connecticut. Despite knowing that no work was ever done by Madison for Revere Investments, the invoices were submitted to Revere Investments, and Madison was paid by and accepted payment from Revere Investments, thereby increasing the expenses of Revere Investments and diminishing its profits.

48.     Briner, Revere Capital Texas, and Revere Capital Connecticut have been diverting loan profits into Revere Capital Texas and/or its duplicate shell Revere Capital Connecticut, when they should go to Revere Investments, but paying a portion of the deal and Fund related expenses from Revere Investments. This has included, but is not limited to, travel expenses of almost $9,000.00, food and beverage expenses of over $9,000.00, website expense exceeding $7,000.00, and office expenses exceeding $7,500.00. Briner has further taken expenses of over $15,000.00 for capital placement agents out of Revere Investments and bookkeeping expenses of over $34,000.00.

49.     Briner, Revere Capital Texas, and Revere Capital Connecticut by way of deceptive practices, common schemes and artifices including fraud, deceit and misrepresentation have, without consent and in violation of agreements, taken a significant

portion of the profits of certain loans generated by Revere Investments by placing the loans in Revere Capital Texas and/or Revere Capital Connecticut and diverting profits away from Revere Investments.

50.    Moreover, Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II have usurped the accomplishments of Saunders, Revere Investments, and the Fund by including the track records Saunders, Revere Investments, and the Fund in marketing materials, such as a pitch book and an internet site, that are provided to potential investors and existing investors of Saunders and the Fund.   Madison has facilitated this conduct by distributing materials as a hosting web service that distributes the track records.

51.    The conduct Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management, Fund II, and Madison if it continues, will cause irreparable financial harm to the Plaintiff.

## COUNT ONE

### (Action for Dissolution As to Revere Investments and Revere GP – Conn. Gen. Stat. §33-880 through 903)

1-51.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

52.    Saunders moves for judicial dissolution of Revere Investments and Revere GP.

53.    There is a deadlock in management in both Revere Investments and Revere

54.     GP, LLC that cannot be broken.

55.     Accordingly, Revere Investments and Revere GP must be judicially

dissolved.

## COUNT TWO

### (Common Law Fraud As to Defendants Briner and Revere Capital Texas, and Revere Capital Connecticut)

1-55.     Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

56.     Briner, Revere Capital Texas, and Revere Capital Connecticut knowingly

made fraudulent misrepresentations and omissions of material facts by, among other

things, making false and misleading statements and misrepresentations to Saunders

regarding the handling, allocation and appropriation of clients, investors, financial

matters, expenses and profits.

57.     Briner, Revere Capital Texas, and Revere Capital Connecticut made such

representations and omissions of material facts as set forth above and specifically pled in

paragraphs 1-50, with the actual intent that Saunders rely upon them, inducing Saunders to

bring Briner new investment opportunities, to allow Briner to manage money matters,

expenses and profit allocation, and to allow Briner to exploit the 40 years of business

experience and track record of Saunders for Briner's own improper personal gain.

14

Moreover, Saunders was induced to forebear using the investment opportunities he procured elsewhere for financial gain.

58.     Saunders reasonably relied upon such representations and omissions of material fact to his detriment and, among other things, did bring Briner, Revere Capital, and Revere Capital Connecticut new investment opportunities, did allow Briner to manage money matters, expenses and profit allocation, and did allow Defendant Briner to exploit the 40 years of business experience and track record of Saunders.  Further, Saunders was induced to forbear using the investment opportunities he procured elsewhere for his own financial gain.

59.     Accordingly, Saunders has been damaged in an amount to be determined at trial.

## COUNT THREE

**(Breach of Revere Investments Operating Agreement As to Revere Capital Texas)**

1-59.     Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

60.     Saunders and Revere Capital Texas are parties to Revere Investments Operating Agreement dated February 26, 2009.

61.     Saunders, a member of Revere Investments, has fully performed his obligations pursuant to the applicable Operating Agreement of Revere Investments.

62.     Revere Capital Texas' refusal and failure to fulfill its obligations pursuant to the applicable Operating Agreements and other agreements with the Saunders as to Revere Investments is a breach.

63.     Accordingly, Saunders has been damaged in an amount to be determined at trial.


## COUNT FOUR

**(Breach of Covenant of Good Faith and Fair Dealing As To Revere Capital Texas)**

1-63.     Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

64.     Saunders and Revere Capital Texas were parties to the Revere Investments Operating Agreement of which the Saunders, reasonably expected to receive certain benefits.

65.     Revere Capital Texas engaged in the above described conduct that injured the Saunders right to receive his benefits.

66.     Revere Capital Texas was acting in bad faith when it committed the above described acts injuring the rights of Saunders to receive his benefit from the Agreement.

67.     Accordingly, Saunders was damaged in an amount to be determined at trial.

## COUNT FIVE

**(Breach of Revere GP Limited Liability Company Agreement As to Defendant Briner)**

1-67.     The Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

67. Saunders and Briner are parties to the Revere GP Limited Liability Company Agreement February 24, 2011.

68.     Saunders, a member of Revere GP, has fully performed his obligations under the applicable Operating Agreement and other agreements between Saunders and Briner.

69.     Briner's refusal and failure to fulfill his obligations pursuant to his agreements with the Plaintiff as to Revere GP, and the Fund, for which Revere GP serves as a General Partner, is a breach.

70.  ·     Accordingly, Saunders has been damaged in an amount to be determined at trial.

## COUNT SIX

**(Breach of Covenant of Good Faith and Fair Dealing As to Briner)**

1-70.     Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

71.     Saunders and Briner were parties to a Revere GP Operating Agreement, of which the Saunders reasonably expected to receive certain benefits.

72.     Briner engaged in the above described conduct that injured the Saunders right to receive his benefits.

73.     Briner was acting in bad faith when he committed the above described acts injuring the rights of Saunders to receive his benefits from the Agreements.

74.     Accordingly, Saunders was damaged in an amount to be determined at trial.

## COUNT SEVEN

### (Violation of Connecticut Uniform Securities Act As to Briner, Revere Capital Texas, and Revere Capital Connecticut)

1-74.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

75.     The securities transactions at issue as set forth herein include the numerous bridge financings made by Saunders induced by Briner, Revere Capital Texas, and Revere Capital Connecticut based upon the false representations by Briner, Revere Capital Texas, and Revere Capital Connecticut; the purchase of Revere Investments, a limited liability company, by Saunders, as successor in interest to the original purchaser, induced by the false representations by Briner, Revere Capital Texas, and Revere Capital Connecticut; and the purchase of Revere GP, a limited liability company, by Saunders induced by the false representations by Briner, Revere Capital Texas, and Revere Capital Connecticut.

76.     Saunders did not know of the untrue statements or omissions, and in the exercise of reasonable care could not have known of the untrue statements or omissions.

77.     Briner, Revere Capital Texas, and Revere Capital Connecticut knew of the untrue statements or omissions.

78.     The misrepresentations and omissions of Briner, Revere Capital Texas, and Revere Capital Connecticut were intentional, and constituted fraud.

79.     Accordingly, Saunders has been damaged in an amount to be determined at trial.

80.     The untrue statements and omissions of Briner, Revere Capital Texas, and Revere Capital Connecticut as described herein violated the Connecticut Uniform Securities Act, Conn. Gen. Stat. § 36b-29, and entitle Plaintiff Saunders to recover money damages as provided for under Conn. Gen. Stat. § 36b-29(a).

## COUNT EIGHT

### (Violations of Connecticut Unfair Trade Practices Act As to Briner, Revere Capital Texas, and Revere Capital Connecticut)

1-80.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

81.     Briner, Revere Capital Texas, and Revere Capital Connecticut are "persons" engaged in "trade or commerce," as defined by Conn. Gen. Stat. § 42-110a.

82.     The above-described acts of Briner, Revere Capital Texas, and Revere Capital Connecticut constitute unfair and/or deceptive acts or practices in the conduct of a trade or business, in violation of Conn. Gen. Stat. §§ 42-110a *et seq*.

83.     Specifically, the unfair and deceptive business practices of Briner, Revere Capital Texas, and Revere Capital Connecticut include, but are not limited to, unauthorized use of Suanders' proven track record, experience, revenue, and sourcing, underpayment to investors regarding fees and revenue, misallocation of expenses, diversion of loan profits, and improper accounting practices.

84.     The conduct of Briner, Revere Capital Texas, and Revere Capital Connecticut went beyond professional negligence, and amounted to unscrupulous conduct that violates the entrepreneurial and/or business aspects of business and of financial advisory professions.

85.     The actions of Briner, Revere Capital, and Revere Capital Texas constitute business practices that violates Conn. Gen. Stat. § 42a-110, et seq.

86.     Accordingly, Saunders has been damaged in an amount to be determined at trial.

87.     Briner, Revere Capital Texas, Revere Capital Connecticut is liable to Suanders for actual damages pursuant Conn. Gen. Stat. § 42a-110g and, at the discretion of the court, punitive damages, attorney's fees, and costs, pursuant to Conn. Gen. Stat. § 42a-110g.

## COUNT NINE

### (Breach of Fiduciary Duty As To Revere Capital Texas)

1-87.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

88.    As a member of Revere Investments, Revere Capital Texas owed a fiduciary duty to fellow member Saunders.

89.    By virtue of the aforementioned conduct, Revere Capital Texas breached its fiduciary duty owed to Saunders, including a duty not to purloin historical performance date and hold it out as his own.

90.    Accordingly, Saunders was damaged in an amount to be determined at trial.

## COUNT TEN

### (Breach of Fiduciary Duty As To Briner)

1-90.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

91.    As a member of Revere GP, Briner owed a fiduciary duty to Saunders.

92.    By virtue of the aforementioned conduct, Briner breached his fiduciary duty owed to fellow member Saunders, including a duty not to purloin historical performance data and hold it out as its own.

93.    Accordingly, Saunders was damaged in an amount to be determined at trial.

## COUNT ELEVEN

### (Fraudulent Inducement by Briner, Revere Capital Texas, and Revere Capital Connecticut)

1-93.      Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

94.      Defendants Briner, Revere Capital Texas, and Revere Capital Connecticut through Briner made the above false representations as statements of fact concerning the accounting practices and financial condition of Revere Investments and the Fund.

95.      The statements were untrue and known to be untrue by the Briner, Revere Capital Texas, and Revere Capital Connecticut.

96.      The statements were made to induce the Plaintiff Saunders to act on the representations and Saunders did in fact rely on such statements, as evidenced by Saunders providing significant bridge loans to Revere Investments and the Fund for example and not limitation.

97.      Accordingly, Saunders has been damaged in an amount to be determined at trial.

## COUNT TWELVE

### (Fraud by Briner, Revere Capital Texas, and Revere Capital Connecticut)

1-97.      Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

98.     Briner, Revere Capital Texas, and Revere Capital Connecticut repeatedly made false statements regarding the accounting practices and financial condition of Revere Investments and the Fund.  Briner, Revere Capital Texas, and Revere Capital Connecticut were aware that their statements were false.   Moreover, Briner, Revere Capital Texas, and Revere Capital Connecticut misallocated expenses, revenues, and ancillary fees.  These actions were for the purpose of redirecting money and misleading investors concerning financial obligations, fees, duties, accounting practices, and profits.

99.     The false statements were made by Briner, Revere Capital Texas, and Revere Capital Connecticut with the actual intent that Saunders would rely upon the false statements thereby inducing Saunders to bring Briner new investment opportunities, to allow Briner to manage money matters, expenses and profit allocation, and to allow Briner to exploit the extensive business experience and track record of Saunders for Briner's own improper personal gain. Moreover, Saunders was induced to forebear using the investment opportunities he procured elsewhere for financial gain.

100.    Saunders reasonably relied upon representations by Briner, Revere Capital Texas, and Revere Capital Connecticut with respect to statements of fact concerning the accounting practices and financial condition of Revere Investments and the Fund.   It was

reasonable for Saunders to rely upon Briner, Revere Capital Texas, and Revere Capital Connecticut because they were in a position of trust and control.

101.    Accordingly, Saunders has been damaged in an amount to be determined at trial.

## COUNT THIRTEEN

### (Statutory Theft As To As to Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II)

1-101.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

102.    Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management, and Fund II intentionally, with calculation, design and larcenous intent, did deceive Saunders by wrongfully taking, obtaining and withholding Saunders' money and converting Saunders' money to Briner's own use and permanently depriving Saunders of his money. Moreover, Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II intentionally, with calculation, design and with larcenous intent have taken and used the track record of Saunders, Revere Investments, and the Fund.

103.    The above described acts of the Briner, Revere Capital Texas, and Revere Capital Connecticut, Revere Management, and Fund II constitute theft pursuant to Conn. Gen. Stat. § 52-564.

104.    Accordingly, Saunders has been damaged in an amount to be determined at trial.

24

105.    Pursuant to 52-564, Plaintiff Saunders is entitled to treble damages.


## COUNT FOURTEEN

### (Conversion of Funds As To Briner, Revere Capital Texas, and Revere Capital Connecticut)

1-105.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

106.    Briner, Revere Capital Texas, and Revere Capital Connecticut intentionally, with calculation, design and with larcenous intent did deceive Saunders wrongfully taking, obtaining, exercising control over and withholding Saunders' money to convert the Saunders money to the use of Briner, Revere Capital Texas, and Revere Capital Connecticut and permanently deprive Saunders of his money.

107.    Accordingly, Saunders has been damaged in an amount to be determined at trial.

108.    Saunders is entitled to treble damages as a result of the conversion.


## COUNT FIFTEEN

### (Unfair Competition and False Advertising Under the Lanham Act Against Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II)

1-108.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

25

109.    This claim arises under 15 U.S.C. § 1125(a).

110.    Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II have made false and/or misleading representations of fact concerning the track record of Briner and Revere Capital.

111.    Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II have claimed the track record of Saunders and Revere Investment as their own when attempting to secure investors for Briner's solely owned entities.

112.    The false statements and misleading representations have been made in commercial advertisements and/or promotional materials provided to potential investors.

113.    The deception by Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II is material and likely to influence the decisions of potential investors as to whether to invest with Briner and Fund II and the improper use of the track records of Saunders and Revere Investments is likely to create confusion among potential investors.

114.    The foregoing false statements and misrepresentations constitute unfair completion and have caused damage to the reputation and business of Saunders.

115.    Accordingly, Saunders has been damaged in an amount to be determined at trial.

116. The improper activities of Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II, as described herein, have been willful and deliberate, thereby making this as exceptional case under the Lanham Act pursuant to 15 U.S.C. § 117(a) to justify awarding Saunders additional relief including an award of attorneys fees and costs.

## COUNT SIXTEEN

### (Facilitation of Breach of Fiduciary Duty against Madison Mott, Inc.)

1-116. Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

117. Madison encouraged Briner and Revere Capital Texas to breach the fiduciary duties owed to Saunders by assisting Briner and Revere Capital Texas in distributing the marketing materials and/or facilitation of such distribution by providing web hosting services of their false historical performance to potential and existing investors in Fund II, as well as investors in the Fund and Revere Investments, in both of which Saunders has an interest.

118. Accordingly, Saunders has been damaged in an amount to be determined at trial.

119. By knowingly participating in Briner's and Revere Capital Texas' breach of fiduciary duty, Madison is jointly and severally liable for all compensatory damages caused by the breaches of Briner and Revere Capital Texas, in an amount to be determined at trial.

## COUNT SEVENTEEN

### (Violations of Connecticut Unfair Trade Practices Act As Madison)

1-119.    Plaintiff repeats and realleges paragraphs 1-51, as if fully set forth herein.

120.    Madison is a "person" engaged in "trade or commerce," as defined by Conn. Gen. Stat. § 42-110a.

121.    The above-described acts of Madison constitute unfair and/or deceptive acts or practices in the conduct of a trade or business, in violation of Conn. Gen. Stat. § 42110a *et seq*.

122.    The conduct of Madison went beyond professional negligence, and amounted to unscrupulous conduct that violates the entrepreneurial and/or business aspects of business and of financial advisory professions.

123.    As a direct and proximate result of the conduct of Madison as described above Plaintiff Saunders has suffered an ascertainable loss.

124.    Accordingly, Saunders has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff Saunders respectfully prays for relief and judgment as follows:

1.    An order of equitable and legal relief requiring Defendant Briner and Defendant Revere Capital to return any and all monies wrongfully obtained to the investors, immediately, and without delay.

28

2.      Awarding the Plaintiff punitive damages to the extent of Plaintiff's entitlement thereto under applicable laws, including pursuant to Conn. Gen. Stat. § 42-110g(a);

3.      Awarding the Plaintiff costs and attorneys' fees under applicable law, including Conn. Gen. Stat. § 42-110g(d) and Conn. Gen. Stat. § 36b-29(a);

4.      A temporary and permanent Order of Injunction enjoining and restraining Defendants Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management, and Fund II, from selling, transferring, disposing or hypothecating any assets or investment funds without permission of this court;.

5.      A temporary and permanent Order of Injunction enjoining and restraining Briner, Revere Capital Texas, Revere Capital Connecticut, Revere Management and Fund II from utilizing the track records of Saunders, Revere Investments, and the Fund;

6.      Awarding the Plaintiff compensatory and incidental damages against all Defendants;

7.      Awarding the Plaintiff actual damages pursuant to Conn. Gen. Stat. § 42-110g(a);

8.      Awarding the Plaintiff punitive damages to the extent of the Plaintiff is entitled thereto under applicable laws, including pursuant to Conn. Gen. Stat. § 42-110g(a);

9.      Pursuant to Conn. Gen. Stat. § 42a-110g(a), letters have been sent to the Attorney General and the Department of Consumer Protection;

10.      Awarding the Plaintiff all costs and disbursements they incurred in this action;

11.      Awarding the Plaintiff treble damages as to Counts XIII and XIV pursuant to Conn. Gen. Stat. § 52-564;

12.      The Plaintiff moves for Judicial dissolution of Revere Investments and Revere GP; and

13.      Awarding the Plaintiff such other and further relief, both legal and equitable, as the Court, in its discretion, may deem just and proper.

THE PLAINTIFF
ROGER L. SAUNDERS


By:   */s/ Joseph M. Pastore III*
       Joseph M. Pastore III
       Stephen DeBernardis
       Pastore & Dailey LLC
       4 High Ridge Park, 3rd Floor
       Stamford, CT 06905
       Phone: (203) 658-8454
       Fax: (203) 248-0852
       Juris No. 433711
       *     *     *
       Edward N. Lerner
       Lerner and Guarino, LLC
       One Morningside Drive North
       Building A
       Westport, CT 06850
       (203) 817-0850
       Juris No.: 420179

Its attorneys

30

DOCKET NO.: FBT-CV-12-6031675      : SUPERIOR COURT

ROGER L. SAUNDERS             : J.D. OF FAIRFIELD/BRIDGEPORT

v.                                  : AT BRIDGEPORT

CLARK BRINIER, et al          : April 16, 2013

## VERIFICATION

        Roger L. Saunders, undersigned, plaintiff in this action, hereby verifies that he has read

the foregoing Verified Complaint, and that the allegations contained therein, to the best of his

knowledge, are true and correct, except with respect to those allegations made upon information

and belief, as to which allegations he verifies that he believes them to be true.

_____
Roger L. Saunders


Sworn to and subscribed before
me this 15___ day of ~~January~~, 2013.
                April

_____
Notary/Commissioner of the Superior Court

RYAN ANTHONY MONES
Notary Public, State of Connecticut
My Commission Expires Dec. 31, 2016

1

## CERTIFICATION

This is to certify that a copy of the foregoing was sent first class mail this 17th day of April, 2013 to the following counsel and pro-se parties of record:

        Peter J. Royer, Esq.
        Mayo Crowe LLC
        185 Asylum Street
        Hartford, CT 06103
        proyer@mayocrowe.com

        Stuart Michael Katz, Esq.
        Cohen & Wolf PC
        P.O. Box 1821
        Bridgeport, CT 06601
        skatz@cohenandwolf.com

                By: */s/ Joseph M. Pastore III*
                   Joseph M. Pastore III

31

# EXHIBIT B



HIGH YIELD DEBT INVESTMENT FUND

REVERE
CAPITAL



# TABLE OF CONTENTS

I.   Revere Capital Introduction

II.  Market Overview and Opportunity

III. Why Revere Capital?

IV.  Case Studies

V.   Investment Terms

Strictly Private and Confidential



REVERE CAPITAL
INTRODUCTION

"Investment rule No. 1: Never lose money.
Investment rule No. 2: Never forget Rule No. 1."

—Warren Buffett



# REVERE CAPITAL OVERVIEW





**Solid Platform**

- Founded in 2004 as a value oriented real estate investment firm
- Principals have 45 years of real estate investment experience
- History of capital preservation with an emphasis on current yield
- No legacy assets and well positioned to focus on new investments

**Focused Execution**

- Origination of high yield real estate loans
- Purchase of non-performing loans directly from banks and servicers
- Exclusively target high quality, middle market opportunities that are below the institutional radar
- Focus on the East Coast, Southeast, Midwest as well as Texas

**Investment Access**

- Access to off-market opportunities with deep relationships in high yield lending space
- Once in a generation dislocation in the capital markets which is providing an inordinate amount of quality investment opportunities

*Expertise that is well-suited to the current environment*



# EXPERIENCED TEAM

**CLARK BRINER**
- 14 years of investment and operating experience in the private equity space. Served in acquisition, investment committee and capital markets capacities.
- Senior investment banker at Deutsche Bank; M&A, workout and recapitalization focused along with traditional public market banking executions and capitalizations
- Participated in over $2B in real estate transactions in a principal and advisory capacity

**ROGER SAUNDERS**
- 35 years of high yield lending and real estate investment experience
- Significant underwriting, structuring, workout and loan resolution experience
- Founded and managed Saunders Capital, a successful real estate investment firm with a history of high yield lending and acquisition of non-performing loans

**TOMMY CLINTON**
- 33 year career with Equitable Real Estate, the largest US institutional real estate investment manager at the time with over $30B assets under management, retiring as Executive Vice-President; involved in over $5B of commercial real estate debt and equity transactions
- After Equitable, 5 years with First Fidelity Mortgage Corp. serving as Executive Vice-President focused on debt placement

**ROBBY BROWN**
- Began career in corporate finance and planning with Trans World Corp
- Spent 7 years as high net worth advisor with Ronald Blue & Co. and understands advisor's perspective
- Past 12 years focused on investor relations and capital raising for real estate and large alternative investment funds

**EVAN WOOLLEY**
- Significant development, strategy and acquisition expertise
- Senior consultant for Kimco Realty's (KIM) valuation and workout strategy group
- Senior Analyst in Westfield's (WDC) Strategy and Market Research division; focused on green-field and re-development opportunities throughout the US Portfolio



"Great fortunes are made when the cannon balls are falling in the harbor, not when the violins are playing in the symphony hall."

— Sir Nathan Rothschild

**MARKET OVERVIEW AND OPPORTUNITY**



# CURRENT OPPORTUNITY

- The correction in asset prices has created an opportunity for well-positioned lenders to assist buyers of quality "old world" assets at "new world" pricing

- Attractive yields (10 – 15%) are available due to the lack of financing in the commercial real estate markets

  - Traditional regional lenders are overexposed to commercial real estate and do not want additional exposure

  - Many lenders have either exited the market (CIT, GE Capital) or have limited capacity for new loan origination(SunTrust, Hypo)

  - Many borrowers have time constraints that cannot be met by traditional lenders which significantly limits the lender universe







# DELINQUENT LOANS AND DEBT MATURITIES



*The significant volume of loans coming due in the next 3 – 4 years will continue to provide opportunities for distressed investors*

*Loans are experiencing deterioration in performance and banks will have to increase their need to dispose of troubled loans as performance deterioration continues*



# SMALL LOANS ARE LIQUIDATED; LARGE MODIFIED

Of the estimated $60bn of CMBS still unresolved in special servicing, $20bn are classified as sub-$15M real estate loans. Given the minor relative cost to liquidate versus modify or foreclose these smaller loans, banks and servicers are choosing liquidation by nearly 5 to1.



Note: Data shown as share of loans ever in special servicing. 2000 vintage onwards. Source: Intex, Barclays Capital



Note: Data shown as share of loans ever in special servicing. Source: Intex, Barclays Capital

# DISTRESSED REAL ESTATE MARKET DETAIL







**Office, Retail, and Multifamily represent the most significant source of troubled loans**

Strictly Private and Confidential

 **INVESTMENT OPPORTUNITY**









**Origination of high yield loans to owners/ operators backed by 1st lien mortgages and personal recourse; proceeds are used for:**

- New acquisition
- Discounted payoff of current 1st mortgage
- Rehabilitation of asset
- Recapitalization of existing asset

**Acquisition of Non-Performing Loans and Real Estate Owned (REO) Bank properties:**

- Acquisition of non-performing loans from financial institutions, regional banks, mezzanine funds and real estate opportunity funds
- Single and portfolio acquisitions

# HIGH YIELD LOAN ORIGINATION

**R E V E R E**
C A P I T A L

Revere Capital is able to invest in a senior position and receive opportunistic returns because of an experienced team with deep relationships to source unique opportunities

**Loan Terms**
- First lien mortgage and personal recourse targeting less than 60% LTV
- Typically 12 months with 6 month extension option

**Rates**
- Opportunistic rates ranging from 9%-14% current yield

**Markets**
- Domestic US; East Coast, Southeast, Midwest & Texas focus

**Property Types**
- All commercial property types with emphasis on multi-family, office and retail

Strictly Private and Confidential

12



# WHY REVERE CAPITAL?

"The supreme quality for leadership is unquestionable integrity. Without it, no real success is possible, no matter whether it is on a football field, in an army, or in an office."

— Dwight D. Eisenhower



# UNIQUE INVESTMENT APPROACH

**Revere Capital Principals have been involved in over $3 billion in real estate transactions and have a combined 45 years experience in real estate debt investments and workouts**

Revere Capital will focus on unique opportunities that are often overlooked by other investors:

- Investment size below $10M which does not meet the criteria of institutional funds
- Class B property focused - typically below the radar of institutional funds
- Ability to operate in a time sensitive manner which allows superior pricing on high quality deals in need of short term liquidity

Revere Capital uses a strict valuation approach to identify investments with strong underlying fundamentals and opportunistic pricing:

- Debt investments which can be made at significant discounts to intrinsic value of underlying real estate and to replacement cost
- Off-market, proprietary and negotiated transactions avoid bidding wars
- Thorough due diligence process helps ensure underlying value
- Investments with a solid exit strategy



# PROVEN INVESTMENT PROCESS

| Investment Sourcing | Preliminary Due Diligence | Detailed Due Diligence | Active Management | Exit Strategy |
|---|---|---|---|---|
| ✓ Unique proprietary network | ✓ Preliminary asset valuation | ✓ Determine pricing | ✓ Revere Capital works to maximize returns to all parties | ✓ Maximize returns to investors |
| ✓ Reputation for integrity, collaboration and informed creativity | ✓ Sponsor, obligor and operator analysis | ✓ Analyze structural and investment risks | ✓ Portfolio processing, administration and servicing | ✓ Repayment of loan, sale of note or property |
| ✓ Lawyers | ✓ Collateral valuation | ✓ Site visits conducted | ✓ Actively manage property level risks | ✓ Recapitalize using debt or equity |
| ✓ Accountants | ✓ Third party market data and sales comps analysis | ✓ Detailed loan file / legal review | ✓ Restructure or workout | ✓ Alternatives analysis |
| ✓ Banks | ✓ Historical financial analysis | ✓ Environmental / structural assessment (as necessary) | | |
| ✓ Financial Advisors | ✓ Projection analysis | ✓ Relevant bank due diligence completed | | |
| ✓ Brokerage community | ✓ Development of a business plan for each asset in the portfolio | ✓ Detailed accounting analysis and deal structuring completed | | |
| | ✓ Formulate exit strategy | ✓ Legal documentation negotiated | | |
| | ✓ Risk/Return analysis | ✓ Credit analysis of borrowers / tenants | | |
| | ✓ Determine the form of investment | ✓ Inter-creditor rights analysis | | |
| | | ✓ Investment Committee meeting – recommendation | | |

Strictly Private and Confidential



CASE STUDIES



# Dallas Office – One Graystone Centre

| | |
|---|---|
| **Project name** | Dallas Office |
| **Highlights** | • 1st lien mortgage on 305,000 sq. ft class B office which generates in excess of $1MM of NOI annually |
| | • Borrower invested $5MM at loan closing |
| | • Loan basis is ~$10 a foot with an effective 30%+ unlevered yield at that basis |
| | • Borrower, with an approximate $100MM net worth, personally guaranteed the loan |
| **Location** | Dallas, Texas |
| **Product type** | Office |
| **Loan amount** | $3,000,000 |
| **Loan to value** | ~35% |
| **Current value** | $8,000,000 |
| **Interest rate / points** | 14% interest / 4 points |
| **Term** | 12 months |
| **Status** | Performing |





# OAK TRAILS APARTMENTS

| | |
|---|---|
| **Project name** | Oak Trails Apartments |
| **Highlights** | • Acquisition of loan at highly reduced balance as a result of neglectful absentee ownership and minimal presence of local management<br>• Borrower invested $1.2M in equity at closing with Revere lending $1M. Revere will provide an additional $800,000 for capital improvements and lease up<br>• High occupancy rate in area due to lack of new construction and centrally located |
| **Location** | Dallas, Texas |
| **Product type** | Multifamily |
| **Loan to value** | 56% |
| **Units** | 248 |
| **Loan amount** | $1,800,000 |
| **Current value** | $3,200,000 |
| **Loan basis per unit** | $4,000/unit – at purchase<br>$7,000/unit – after renovation and stabilization |
| **Return** | 31% Net IRR |
| **Term** | 5 months |
| **Status** | Realized |







# LAUDER RIDGE APARTMENTS

| | |
|---|---|
| **Project name** | Lauder Ridge Apartments |
| **Highlights** | • Purchased a 1st mortgage loan collateralized by a 152 unit, 92% occupied property which had $800,000 in positive net cash flow and a personal guarantee by the Borrower |
| | • The $3,500,000 loan was underwritten and closed in 7 days and was purchased at a 24% cap rate equivalent |
| **Location** | Fort Lauderdale, FL |
| **Product type** | Multi-family |
| **Units** | 152 |
| **Loan amount** | $3,500,000 |
| **Current value** | $9,000,000 |
| **Loan to value** | 40% |
| **Appraised value** | $11,100,000 |
| **Basis per unit** | $23,026 |
| **Return** | 53% Net IRR |
| **Term** | 4 months |
| **Status** | Realized |







# VINTAGE HOUSING

| | |
|---|---|
| **Project name** | Vintage Housing |
| **Highlights** | • Originated $1,500,000 loan paying 15% interest<br>• Loan is collateralized by cash flows of 28 multi-family properties, 3 developer notes worth $7,700,000, Vintage Housing Inc. guarantee of approximately $30,000,000 and personal guarantee of principals |
| **Location** | Pacific Northwest |
| **Product type** | Multi-family |
| **Units** | 4,669 in 6 states |
| **Loan amount** | $1,500,000 |
| **Loan to value** | 20% |
| **Duration** | 10.4 months |
| **IRR** | 17% Net IRR |
| **Multiple** | 1.19x |
| **Status** | Realized |







TRACK RECORD

# REAL ESTATE DEBT INVESTMENTS

**R REVERE** CAPITAL

## OPEN INVESTMENTS

## REALIZED INVESTMENTS



FUND TERMS



# SUMMARY OF TERMS

| | |
|---|---|
| **Structure** | Discretionary Fund |
| **Target Total Return** | 12-14% IRR; net of fees |
| **Target Current Yield** | 8-10% current yield, paid quarterly |
| **Targeted Equity** | $50 Million |
| **Liquidity** | Quarterly |
| **Term** | 5 years in total with a 3 year investment period |
| **Preferred Return** | 8% |
| **Promoted Interest** | 70% to investor, 30% to Revere Capital |
| **Catch Up** | Yes |
| **FEES:** | |
| ▪ **Fund Management** | 1.5% on committed capital during the Commitment Period; 1.5% thereafter on invested capital. |
| ▪ **Acquisition/Origination** | None |
| **Target Allocation:** | 90% origination of first lien mortgages; 10% note acquisition |
| **Property Type** | Multi-family, Retail and Office focused |

 **R E V E R E** CAPITAL

# LEGAL DISCLAIMER

## NOT A SOLICITATION AND FORWARD LOOKING STATEMENTS

This presentation does not constitute, and may not be used in connection with, an offer or solicitation by anyone in any jurisdiction in which such offer or solicitation is not permitted by law or in which the person making the offer or solicitation is not qualified to do so or to any person to whom it is unlawful to make such offer or solicitation.

This presentation contains forward-looking statements. These forward-looking statements are based on the Company's current expectations and beliefs, as well as a number of assumptions concerning future events. These statements are subject to risks, uncertainties, assumptions and other important factors set forth in the prospectus for this offering, many of which are outside the Company's control, that could cause actual results to differ materially from the results discussed in the forward-looking statements. You are cautioned not to place undue reliance on such forward-looking statements because actual results may vary materially from those expressed or implied. All forward-looking statements are based on information available to the Company on this date and the Company assumes no obligation to, and expressly disclaims any obligation to, update or revise any forward-looking statements, whether as a result of new information, future events or otherwise.



Connecticut | Dallas | Atlanta
www.reverecapital.com
203.424.0888

REVERE
CAPITAL

# EXHIBIT C



ABOUT US    FINANCING AND DEBT    ACQUISITIONS    INVESTMENT STRATEGY    CONTACT    INVESTOR LOGIN

Demonstrated through its previous investments, Revere Capital leverage's its strength in identifying underlying real estate value and structuring solutions to meet the needs of quality sponsors in an inefficient market.

Case Studies >

Revere Capital leverage's its strength in identifying underlying real estate value and structuring solutions to meet the needs of quality sponsors in an inefficient market.

The Principals have successfully invested in cycles of growth and recession, with significant investment experience in economies undergoing turmoil such as the bond crisis in 1998, the financial distress in the wake of September 11, 2001 and through the 2008 financial crisis.

Revere Capital applies forward critical thinking in its underwriting practices, incorporating realistic asset valuations which are based on achievable assumptions while structuring for downside risk protection. Having the flexibility to structure the investment in the most advantageous format is a key competitive advantage since these opportunities are typically off-market negotiated transactions.

Determining value in various market climates requires knowledge, discernment and an opportunistic approach to investing. With over 45 years of real estate experience, our principals have a proven track record for finding assets which outperform the market.

Revere is guided by the following principals:

* Focus on Underlying Asset Value: Emphasis on opportunities based on underlying real estate fundamentals and identification of performance enhancement strategies to realize intrinsic or potential value.
* Realistic Evaluation of Risk and Reward: Employ forward critical thinking to guide its investment decisions and apply conservative and realistic asset valuations with achievable performance and exit assumptions to determine the risk/reward profile of each investment.
* Applied Research: Creation of comprehensive market, property, and borrower/operating partner analysis utilizing appraisals and economic research prepared by independent consultants and market research firms.
* Flexible Approach to Deal Structuring: Creatively structured debt solutions to enhance deal flow and provide a competitive advantage over more narrowly defined investment platforms.
* Portfolio Diversification: Systematic construction of a portfolio that mitigates risk by appropriately diversifying exposure to markets, product types, and number of transactions.

10/1/12                    Revere Capital | Investment Strategy

Revere Capital, LLC | 20 Ketchum Street | Westport, CT 06880 | 203.424.0888 | © 2012 Revere Capital, LLC




ABOUT US    FINANCING AND DEBT    ACQUISITIONS    INVESTMENT STRATEGY    CONTACT    INVESTOR LOGIN

*"Great fortunes are made when the cannon balls are falling in the harbor, not when the violins are playing in the symphony hall."*
*– Sir Nathan Rothschild*

## High Yield Loan Origination

**Connecticut Office Loan:** Through a direct relationship, Revere Capital originated a 12 month, $1,250,000, 1st mortgage loan with joint and severable personal recourse to four guarantors with a collective net worth over $20M. The loan was collateralized by a well located office building in Fairfield County, CT. Revere Capital originated and closed the high yield loan in 5 days enabling the borrower to purchase the building out of foreclosure. The loan's investment basis was $19.25 per foot.

**Multi-Unit Residential Loan:** Through a proprietary relationship, Revere Capital originated a 12 month, $1,800,000, 1st lien mortgage loan with personal recourse to a Borrower with a net worth of over $5M. The $1,800,000 loan was collateralized by condominium units, retail and a below ground parking garage. The use of proceeds was for the interior finish-out of the remaining condo units in a historic building in Maine; the building was bought out of foreclosure by the borrower prior to Revere Capital originating the loan. The Borrower had 22 years of construction and condominium development experience and had relocated to the area to ensure a timely and quality execution. Revere Capital's loan basis is $65,000 per condominium unit with the prior sales ranging from $250,000 to $500,000 per unit. The $65,000 per unit basis assumes no value for the parking garage and the ground floor retail space which was approximately 60% leased at origination.

## Non-Performing Loan Acquisition

**Apartment Loan Acquisition:** Revere Capital purchased a non-performing 1st mortgage loan from a regional bank on a 93% occupied apartment building in southern Florida for $3,500,000. The investment was fully underwritten, toured and consummated in seven days. Revere Capital was able to purchase the note, work the investment to resolution and achieve a 77% IRR return on invested capital.

**Mixed Use Loan Acquisition:** Revere Capital purchased an approximate $800,000 non-performing 1st mortgage on a mixed use asset in Stamford, CT for $556,000. Revere Capital negotiated a back payment on the mortgage from the owner and a "friendly foreclosure" in-order to extinguish the second lien on the property. Upon taking title to the property in approximately 90 days, Revere Capital self-managed the building, increased occupancy and placed the building on the market for sale. Revere Capital subsequently sold the property in approximately eight months from note acquisition and yielded an IRR in excess of 20% on its investment.

## Real Estate Owned ("REO") acquisitions

**Multi-family Apartment complex:** Revere Capital acquired, with a local property management company, a 304 Unit REO apartment building for $2,900,000. Upon purchase, Revere Capital invested $1,000,000 in improvements to the property and was able to increase occupancy 41% in 7 months due to the improvements and active hands-on management. The investment is currently providing an annualized yield in excess of 12% and has returned 15% of invested capital in 16 months. The investment is expected to return in excess of a 20% IRR to investors.

EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------- :
                                            :       **CIVIL ACTION**

**Roger L. Saunders**                           :        **NO. _:_CV-___(___)**

                                              :

**vs.**                                                   :

                                              :

**Clark Briner, et al.**                        :

                                              :       **MAY __, 2013**

-------------------------------------------------------- :

## CONSENT TO REMOVAL

      Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant, Madison Mott, Inc. hereby consents

to the Notice of Removal filed by Defendants, Clark Briner, Revere Capital, LLC (Texas) and

Revere Capital, LLC (Connecticut).

                                      DEFENDANT,
                                      MADISON MOTT, INC.

By_____

                                    Stuart M. Katz
                                    Cohen and Wolf P.C.
                                    P.O. Box 1821
                                    1115 Broad Street
                                    Bridgeport, CT 06601
                                    Phone:  (203) 368-0211
                                    Fax:  (203) 337-5505
                                    E-mail:  skatz@cohenandwolf.com
                                    Federal Bar No.:  CT12088
                                    Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on this _____ day of May, 2013, as follows:

Edward N. Lerner, Esq.
Lerner and Guarino, LLC
One Morningside Drive North, Building A
Westport, CT 06850

David S. Hoopes, Esq.
Jay R. Lawlor, Esq.
Mayo Crowe LLC
CityPlace II
185 Asylum Street
Hartford, CT 06103

Joseph M. Pastore, III, Esq.
Stephen A. DeBernardis, Esq.
Pastore & Dailey LLC
4 High Ridge Park, 3rd Floor
Stamford, CT 06905

Stuart M. Katz
Cohen and Wolf P.C.
Attorneys for Madison Mott, Inc.
P.O. Box 1821
1115 Broad Street
Bridgeport, CT 06601
Phone: (203) 368-0211
Fax: (203) 337-5505
E-mail: skatz@cohenandwolf.com
Federal Bar No.: CT12088
Its Attorneys

EXHIBIT D

DOCKET NO.: UWY-CV-12-6019327-S    :  **SUPERIOR COURT**
                                               :  **COMPLEX LITIGATION DOCKET**

**ROGER L. SAUNDERS**                    :  **JUDICIAL DISTRICT OF WATERBURY**

**VS.**                                          :  **AT WATERBURY**

**CLARK BRINER, ET AL.**                :  **MAY 14, 2013**

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), the Defendants, Clark Briner, Revere Capital, LLC (Texas), and Revere Capital, LLC (Connecticut), give notice to this Court and counsel for the Plaintiff, Roger L. Saunders, that the Defendants have filed a Notice of Removal for the purpose of removing this action to the United States District Court for the District of Connecticut. A copy of the Notice of Removal (and supporting exhibits) is attached as Exhibit A.

THE DEFENDANT,
CLARK BRINER, REVERE CAPITAL, LLC (TEXAS)
AND REVERE CAPITAL, LLC (CONNECTICUT)

By:_____/s/_____
David S. Hoopes
Jay R. Lawlor
Mayo Crowe LLC
CityPlace II
185 Asylum Street
Hartford, CT 06103-3426
Telephone: (860) 275-6800
Juris No. 423839
Its Attorneys

M:\General\Briner\Saunders\Saunders v. Briner CV-12-6019327-S\notice of filing.doc

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to all counsel and pro se parties of record on this _____ day of May, 2013, as follows:

Edward N. Lerner, Esq.
Lerner and Guarino, LLC
One Morningside Drive North, Building A
Westport, CT 06850

Stuart M. Katz, Esq.
Cohen & Wolf PC
P.O. Box 1821
Bridgeport, CT 06601

Joseph M. Pastore, III, Esq.
Pastore & Dailey LLC
4 High Ridge Park, 3rd Floor
Stamford, CT 06905

_____/s/_____
David S. Hoopes